UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
JUSTINE FERREIRA, *individually and as*
*a Parent and Natural Guardian of* N.R.,

                  Plaintiff,                           **REPORT AND RECOMMENDATION**
                                                                          20 CV 2305 (PKC) (LB)

   -against-

RICHARD CARRANZA, NEW YORK CITY
DEPARTMENT OF EDUCATION, and
NEW YORK STATE EDUCATION
DEPARTMENT,

                  Defendants.
-------------------------------------------------------------X

**BLOOM, United States Magistrate Judge:**

       Plaintiff Justine Ferreira initiated this civil action on May 21, 2020 seeking review of a New York City Department of Education State Review Officer's decision denying her reimbursement for the cost of her child's education. Complaint (hereinafter "Compl."), ECF No. 1. On October 23, 2020 the Court ordered plaintiff to file proof of service on defendants pursuant to Federal Rule of Civil Procedure 4(m). If plaintiff had not served defendants, plaintiff was ordered to show good cause why defendants had not been served or the Court would recommend that the action should be dismissed. ECF No. 9; FED. R. CIV. P. 4(m). Plaintiff filed a declaration on November 6, 2020 stating that defendants had not been served because of COVID-19 related difficulties. ECF No. 10. Based on plaintiff's declaration, the Court found good cause for plaintiff's failure to timely serve process on defendants and granted plaintiff an extension of time, until December 10, 2020 to serve defendants, which plaintiff did. Docket Entry 11/09/2020; ECF Nos. 11, 12.

       Defendants now move for the Court to reconsider its Order finding good cause and granting plaintiff an extension of time to serve defendants. Defendants' Motion for Reconsideration

1

(hereinafter "Mot."), ECF No. 13. Defendants argue that plaintiff has failed to show good cause justifying her late service of process. Id. Defendants further argue that based on material facts not disclosed to the Court, plaintiff's counsel's proffered excuses for the failure to timely serve defendants have been "misleading at best" and the Court should dismiss the complaint and allow defendants to file a motion for costs, expenses, and fees. Id. For the reasons set forth below, defendants' motion is granted. I hereby vacate my November 9, 2020 Order finding good cause and granting plaintiff an extension of time to serve process on defendants, and I respectfully recommend that plaintiff's complaint should be dismissed for failure to timely serve defendants under Rule 4(m). Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice."). Although I do not grant defendants' request to file a motion for costs, expenses, and fees, I recommend that plaintiff should be explicitly warned that if she files any further litigation regarding tuition reimbursement for N.R.'s 2018–2020 school years at iBrain, plaintiff and her counsel will be subject to appropriate sanctions. Ted Lapidus, S.A. v. Vann, 112 F. 3d 91, 96 (2d Cir. 1997) ("[D]ue process requires that courts provide notice and opportunity to be heard before imposing *any* kind of sanctions.") (internal quotations omitted) (emphasis in original).

## BACKGROUND

Plaintiff Justine Ferreira is the parent of N.R., a student with a disability related to a brain injury. Compl. ¶¶ 6–9. Due to N.R.'s disability, the New York City Department of Education ("DOE") is required by the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 *et seq.*, to provide N.R. with a Free Appropriate Public Education ("FAPE"), set forth in an Individualized Education Program ("IEP") for every school year. Id. ¶ 7. N.R. attended the International Academy of Hope ("iHope"), a private school for children with disabilities, for the 2017–2018 school year,

and on June 20, 2018 a DOE Impartial Hearing Officer ("IHO") determined that N.R.'s placement at iHope was appropriate and ordered the DOE to fund N.R.'s educational program at iHope for the 2017–2018 school year. Id. ¶¶ 9, 11. The next day, June 21, 2018, plaintiff unilaterally decided to enroll N.R. at the International Institute of the Brain ("iBrain"), another private school for children with disabilities, for the 2018–2019 school year and informed the DOE of this decision. Id. at ¶ 13. On July 9, 2018 plaintiff brought a due process complaint against the DOE alleging that the DOE did not provide N.R. with a FAPE for the 2018–2019 school year. Plaintiff requested an Order of Pendency, which would require the DOE to fund N.R.'s education at iBrain during the pendency of the due process proceeding. Id. ¶ 14. The due process complaint was heard by an IHO who, on October 16, 2018, denied plaintiff's request for an Order of Pendency at iBrain. Id. ¶¶ 16–18. Plaintiff appealed this decision to a State Review Officer ("SRO") who found that the IHO had erred in her analysis, but upheld the decision denying plaintiff's request for an Order of Pendency. Id. ¶¶ 19-20. This administrative action was the subject of a civil suit in the Southern District of New York, case number 19-CV-2937 (JMF) ("Ferreira I"). Id. ¶ 24.

Plaintiff subsequently enrolled N.R. at iBrain for the 2019–2020 school year and brought another due process complaint alleging that DOE had not provided N.R. a FAPE for that school year and seeking another pendency order. Id. ¶¶ 25–27. Before the IHO could render a decision on that complaint however, plaintiff filed another civil suit in the Southern District of New York, case number 19-CV-8519 (JMF) ("Ferreira II"). Id. ¶ 33. Judge Furman consolidated the two cases and granted summary judgment to the DOE on the ground that when plaintiff unilaterally moved her child from iHope to iBrain, she assumed the financial risk of that decision. Ferreira v. N. Y. City Dep't of Educ., 19 Civ. 2936 (JMF), 19 Civ. 8519 (JMF), 2020 WL 1158532 (S.D.N.Y. March 6, 2020). Plaintiff then filed two motions for reconsideration and an appeal to the Second Circuit, all

of which were denied. Mot., ECF Nos. 13-4, 13-5 (Judge Furman's Orders denying reconsideration); Ferreiera v. N. Y. City Dep't. of Educ., No. 20-908, No. 20-911 (2d Cir. 2020).

On March 16, 2020, ten days after Judge Furman's decision, the IHO issued an Order finding that iBrain was in fact N.R.'s proper pendency placement for the 2019-2020 school year. Compl. ¶ 38. Plaintiff appealed this decision to the SRO, seeking to uphold the pendency decision but to modify the order. Id. at ¶ 39. While that appeal was pending, plaintiff filed another civil case, this time in this district, seeking a preliminary injunction to enforce the IHO's order ("Ferreira III"). Ferreira v. N. Y. City Dep't of Educ., 20-CV-1737 (FB)(SJB), 2020 U.S. Dist. LEXIS 99368 (E.D.N.Y. June 5, 2020). However, on May 4, 2020 the SRO reversed the IHO's decision on the grounds that Judge Furman's ruling precluded the IHO from hearing the claim initially. Id. ¶¶ 43-44. On June 5, 2020, Judge Block dismissed the complaint in Ferreira III on the grounds that the Second Circuit's recent decision in DePaulino v. N.Y.C. Dep't. of Educ., 959 F.3d 519, 523–24 (2d Cir. 2020) (decided May 18, 2020) foreclosed plaintiff's possibility of success on her claims for a pendency placement at iBrain. Ferreira III at *3.

Plaintiff filed this action on May 21, 2020. See Compl. On October 23, 2020, the Court ordered plaintiff to file proof of service of process on defendants, or to show good cause for why defendants had not been served during the Rule 4(m) time period. ECF No. 9. In response, plaintiff's counsel submitted a declaration explaining that defendant had not been served "because of covid-19 [sic] related issues," specifically that counsel's office had been closed, making access to the physical files in this matter difficult. Declaration of Peter G. Albert (hereinafter "Albert Decl. I") ¶ 9, ECF No. 10. The Court found that counsel had demonstrated good cause and granted plaintiff an extension of time to serve the defendants. Docket Entry 11/09/2020. Defendants now move for the Court to reconsider its *ex parte* finding of good cause arguing that plaintiff's counsel

timely effected service of process on the DOE in numerous other cases during this time period and therefore cannot show good cause for failing to do so here. Mot. 1–3.

## STANDARD FOR RECONSIDERATION

The standard for granting a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Van Buskirk v. United Grp. Of Companies, Inc., 935 F.3d 49, 54 (2d Cir. 2019) (quoting Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995)). "It is well settled that [a motion for reconsideration] is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012) (quoting Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir.1998)).

## DISCUSSION

### 1. The DOE's Email Portal

Due to the COVID-19 pandemic, the New York City Law Department established an email service portal for the virtual service of process upon the city approximately two months prior to plaintiff filing the instant complaint. Mot. at 2–3. Defendants argue that plaintiff's counsel was no stranger to this email portal as he successfully utilized it to serve defendants in many other cases during this time period. See id.

Plaintiff's counsel however maintains that he was unable to serve defendants due to "covid-19 [sic] related issues." Albert Decl. I ¶ 9. Specifically, counsel states that an administrative employee was responsible for service of the summons and complaint and counsel's office's closure on March 17, 2020 made it "difficult to physically access files." Id. As defendants' counsel rightly

points out, this excuse is nearly identical to that offered by plaintiff's counsel in another case against the DOE in the Southern District. Mot. at 1–3; M.F. v. New York City Dep't of Educ., 1:20-cv-1109-PAE, Declaration of Peter G. Albert, ECF No. 4 (S.D.N.Y.). In that case as here, plaintiff's counsel did not serve the DOE within the time limit, but upon Mr. Albert's declaration, the Court found that plaintiff had shown good cause due to COVID-19 related issues, and extended the time for plaintiff to serve the DOE. M.F. v. New York City Dep't of Educ., 20 Civ. 1109 (PAE), 2020 U.S. Dist. LEXIS 202788 at *1–2 (S.D.N.Y. Oct. 20, 2020). When defendant appeared in that case and informed the Court that plaintiff's counsel had utilized the Law Department's email portal for service in other cases, the Court ordered plaintiff's counsel to file an affidavit listing all the times his firm had utilized the DOE's email portal between mid-March 2020 and the October 26, 2020 order. Id. at *3. Plaintiff's counsel complied, and his affidavit listed 12 cases in which his firm had utilized the DOE's email portal in the relevant time period. 1:20-cv-1109-PAE, Declaration of Peter G. Albert, ECF No. 11 (S.D.N.Y.). Faced with this revelation, Judge Engelmayer called plaintiff's counsel's original representation of his difficulties with service "misleading – at best," withdrew his earlier finding of good cause, and dismissed the complaint for failure to effect timely service. M.F., 2020 U.S. Dist. LEXIS 202788 at *3–4.

Plaintiff's counsel argues in his opposition to defendants' instant motion that this case is distinct from M.F. because the facts regarding the use of the email portal "were before this Court and considered by this Court when finding good cause shown for failure to effect timely service." Declaration of Peter G. Albert (hereinafter "Albert Decl. II"), ECF No. 15 ¶ 5; Albert Decl. I ¶ 10. This argument is unavailing. Plaintiff's counsel's original declaration states only that his office "has utilized the DOE's email portal for service on DOE but did not do so in this matter." Albert Decl. I ¶ 10. Plaintiff's counsel did not mention, and so the Court was unaware of, the volume and

6

timing of the other cases plaintiff's counsel served using the email portal during the relevant time period. Additionally, plaintiff's counsel's second declaration states that his firm utilized the portal for cases filed after April 1, 2020, which would include this case. Albert SDNY Decl. ¶ 5. Plaintiff's counsel's attempt to obscure the fact that his firm had been able to properly serve the DOE in so many other cases should not be rewarded. In fact, less than a month before filing this case, plaintiff properly served the same defendants in another suit seeking the same relief sought here. Ferreiera III, ECF No. 7. This Court shares Judge Engelmayer's dismay and echoes that plaintiff's counsel's excuse that COVID-19 related issues prevented plaintiff's timely service in this action appears to be "factually, demonstrably false." M.F., 2020 U.S. Dist. LEXIS 202788 at *4.

Accordingly, I grant defendants' request for reconsideration and vacate my earlier order, Docket Entry 11/09/2020. I hereby recommend that plaintiff's complaint should be dismissed for failure to timely serve process on defendants. FED. R. CIV. P. 4(m).

**2. Repeated Ferreira Litigation**

While dismissal is a harsh consequence, especially here where the plaintiff's claim would be barred by the statute of limitations, it is appropriate under the circumstances. See Bakal v. Ambassador Constr., 94 Civ. 584 (JSM), 1995 WL 447784 at *3 (S.D.N.Y. July 28, 1995) ("[W]here, as here, plaintiff can provide no reasonable excuse for the failure to make timely service, the fact that a reinstitution of the action will be barred by the statute of limitations is not by itself a reason to deny the motion to dismiss."). Furthermore, dismissal is warranted here based on plaintiff's counsel's conduct.

As discussed above, this is the third time that plaintiff has brought suit against defendants seeking the exact same relief— funding from the DOE for N.R.'s 2019-2020 enrollment at iBrain.[1] See Ferreiera v. New York City Dep't. of Educ., 19 Civ. 8519, 2020 WL 1158532 (S.D.N.Y. March 6, 2020) ("Ferreira II"); Ferreiera v. New York City Dep't. of Educ., 20-CV-1737, 2020 U.S. Dist. LEXIS, 99368 (E.D.N.Y. June 5, 2020) ("Ferreira III"). Judge Furman dismissed Ferreira I and II (decided together) reasoning that when plaintiff unilaterally moved N.R. from iHope to iBrain she had assumed the financial risk of he action. Ferreiera v. New York City Dep't. of Educ., 19 Civ. 2937 (JMF), 19 Civ. 8519 (JMF), 2020 WL 1158532 (S.D.N.Y. March 6, 2020).

The Second Circuit then decided DePaulino v. N.Y.C. Dep't. of Educ., 959 F.3d 519, 523–24 (2d Cir. 2020), a case unrelated but factually identical to this one, on May 18, 2020. In DePaulino, the Circuit endorsed Judge Furman's reasoning in Ferreira I & II and held that a parent was not entitled to tuition reimbursement for the unilateral placement of their child in a different school than the school previously approved. Id. Thus, when the Circuit considered plaintiff's appeal of Ferreira I & II in November of 2020, it summarily upheld Judge Furman's decision "because the issues on appeal were squarely resolved against the Appellant by [the Circuit]'s decision in [DePaulino]." Ferreira v. New York City Dep't. of Educ., No. 20-908, No. 20-911 (2d Cir. 2020).

Simultaneously, plaintiff sought and received a favorable ruling by a DOE IHO on March 16, 2020 (ten days after Judge Furman's ruling in Ferreira I & II) who found that N.R.'s proper placement was iBrain and ordered the DOE to fund N.R.'s education there for the pendency of the underlying due process proceedings. Albert Decl. I., ¶ 6. This decision was reversed on the ground

---

[1] Additionally, plaintiff brought a prior action against the same defendant regarding tuition for the 2018-2019 school year. Ferreiera v. New York City Dep't. of Educ., 19 Civ. 2937, 2020 WL 1158532 (S.D.N.Y. March 6, 2020) ("Ferreria I").

8

that Judge Furman's decision precluded the IHO's finding. Ferreira III at *2. On April 8, 2020, while the review by the SRO was pending, plaintiff filed suit in the Eastern District of New York seeking a preliminary injunction enforcing the IHO's ruling. Ferreira III. Judge Block denied plaintiff's request for a preliminary injunction in light of the SRO's reversal of the IHO's order and ordered plaintiff to show cause why the complaint should not be dismissed. Id. at *1. Judge Block ultimately ruled that the Circuit's decision in DePaulino was controlling and dismissed plaintiff's complaint. Id. at *3.

Plaintiff styles the instant action, filed after DePaulino was decided, as an appeal of the SRO decision, rather than an action to enforce the IHO order, as Ferreira III was. Albert Decl. ¶ 6. However, what plaintiff seeks in each case is the same: a judgment requiring the DOE to pay for N.R.'s education at iBrain for the 2019–2020 school year. This relief was denied to plaintiff by Judge Furman in the Southern District; it was again denied by Judge Block in the Eastern District; and the Second Circuit has held that the precise issue plaintiff raises herein has been "squarely resolved against [plaintiff]." See Ferreira II, III; Ferreira, No. 20-911 (2d Cir. 2020). Thus, the instant action represents plaintiff's fourth attempt to present an issue that has been denied by the Court three times. This is unacceptable. Plaintiff cannot bring the same case because she does not agree with the Court's previous decisions. This is an abuse of the Court's process, no matter how fervently she believes she is right. Dismissal of the action is warranted.

Furthermore, due to the vexatious nature of plaintiff's counsel's actions throughout these and the related cases, which has been called "frivolous, if not sanctionable" by a federal judge,[2] plaintiff's counsel should be explicitly warned that he and plaintiff will be subject to sanctions if any further litigation is filed regarding N.R.'s education at iBrain for the 2018–2020 school years.

---

[2] Ferreira I & II, Mem Op. and Order dated March 11, 2020, ECF No. 59.

## CONCLUSION

While the standard for granting a motion for reconsideration is high, defendants have provided information I was not aware of which alters the conclusion reached by the Court. Accordingly, defendants' motion for reconsideration is granted. I vacate my earlier finding that plaintiff had demonstrated good cause for not timely serving defendants, docket entry 11/09/2020, and recommend that plaintiff's complaint should be dismissed for failure to timely effect service. Moreover, plaintiff and plaintiff's counsel are hereby explicitly warned that if they file any further litigation regarding N.R.'s education at iBrain for the 2018–2020 school years they shall be subject to sanctions.

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physicians' Health Plan, Inc., 293 F.3d 42, 46 (2d Cir. 2002); Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

/S/
LOIS BLOOM
United States Magistrate Judge

Dated: August 19, 2021
      Brooklyn, New York