UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
JUSTINE FERREIRA, individually and as a
Parent and Natural Guardian of N.R.,

                     Plaintiff,                        **MEMORANDUM & ORDER**
                                                                 20-CV-2305 (PKC) (LB)

            - against -

RICHARD CARRANZA, NEW YORK CITY
DEPARTMENT OF EDUCATION, and
NEW YORK STATE EDUCATION
DEPARTMENT,

                     Defendants.
----------------------------------------------------------x
PAMELA K. CHEN, United States District Judge:

       Plaintiff Justine Ferreira commenced this action challenging the New York City Department of Education State Review Officer's ("SRO") finding that collateral estoppel precluded Plaintiff from seeking funding for her child N.R.'s pendency placement at the International Institute for the Brain ("iBrain") for the 2019–2020 school year. (Complaint, Dkt. 1.) Currently pending before the Court is Plaintiff's objection to the Honorable Lois Bloom's Report and Recommendation ("R&R") issued on August 19, 2021, recommending dismissal of this action for failure to timely effect service. (Dkt. 16.)

       For the reasons stated herein, the Court substantially adopts Judge Bloom's well-reasoned R&R and dismisses this case with prejudice. The Court also warns Plaintiff and her counsel that further litigation regarding N.R.'s pendency placement for the 2018–2020 school years at iBrain may result in sanctions.

## BACKGROUND

The Court assumes the parties' familiarity with the facts of this action as recited in Judge Bloom's R&R, incorporates those facts herein, and summarizes only the relevant history of the present issues.

Plaintiff commenced this action on May 21, 2020 and was required to serve Defendants by August 18, 2020 pursuant to the Federal Rule of Civil Procedure 4(m). The Docket reflects that Plaintiff neither filed proof of service nor requested an extension by that date. On October 23, 2020, Judge Bloom directed Plaintiff to file proof that Defendants were served by August 18, 2020 and warned Plaintiff that failure to file proof of service or "to show good cause why such service was not made by that date" would result in a recommendation that the action "be dismissed without prejudice." (*See* 10/23/2020 Docket Order.) On November 6, 2020, Plaintiff's counsel, Peter G. Albert, filed a declaration stating that, in light of the COVID-19 pandemic and the "abrupt office closures," an administrative employee was not able to "physically access files" to effect timely service due to remote work. (Dkt. 10, ¶ 9.) Mr. Albert acknowledged that "the New York City Law Department . . . ceased in-person service of process and established an email portal for service" that Mr. Albert's office had used for service on the New York City Department of Education ("DOE")—a defendant here—in another case, but that Mr. Albert "did not do so in this matter." (*Id.* ¶ 10.) Mr. Albert did not explain why he did not use the e-mail portal to timely serve Defendants in this case.

On November 9, 2020, Judge Bloom found that Plaintiff had showed good cause for late service and granted Plaintiff an extension until December 10, 2020 to serve Defendants. (*See* 11/9/2020 Docket Order.) Defendants were served on December 10, 2020. (*See* Dkts. 11, 12.) On December 28, 2020, Defendants filed a motion seeking reconsideration of Judge Bloom's order extending Plaintiff's time to serve. (Dkt. 13.) Defendants argued that Plaintiff's failure to effect

2

timely service was not for good cause because Mr. Albert was capable of serving Defendants using the e-mail service portal "that [had] been in operation starting in March [2020] and continuing throughout the COVID-19 pandemic," and had in fact used the e-mail portal to effect service in other cases. (*Id.* at 2–3.) On January 5, 2021, Mr. Albert filed a declaration in opposition to Defendants' motion to reconsider. (Dkt. 15.) Mr. Albert argued that Judge Bloom knew that "plaintiff had used the email portal established by DOE to effect service on DOE in response to the COVID-19 pandemic, but failed to do so in [this] matter" when finding good cause for failure to effect timely service. (*Id.* ¶ 2.) Mr. Albert also stated that the "unprecedented nature of the COVID-19 pandemic, and the transition to working remotely, caused the administrative oversight herein." (*Id.* ¶ 3.) Mr. Albert, however, no longer argued that his office did not have access to the physical files to effect service. This time, Mr. Albert's explanation was that "the administrative employee whose responsibility it was to request and serve the summons and complaint was terminated from the position prior to the expiration of the deadline for timely service, thus causing further difficulty in ascertaining which of this administrative employee's tasks were timely completed." (*Id.*)

On August 19, 2021, Judge Bloom *sua sponte* issued the R&R, recommending that Defendants' motion for reconsideration be granted and the complaint dismissed for failure to timely effect service. (*See* Dkt. 16.) On September 2, 2021, Plaintiff filed an objection to the R&R. (Dkt. 17.)

## STANDARD OF REVIEW

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). When a party submits a timely objection to an R&R, the district court reviews *de novo* the parts of the R&R to which the party objected. *Id.*; *see also United States v.*

3

*Romano*, 794 F.3d 317, 340 (2d Cir. 2015).  However, "objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original papers will not suffice to invoke *de novo* review." *Frankel v. New York City*, No. 06-CV-5450 (LTS) (DFE), 2009 WL 465645, at *2 (S.D.N.Y. Feb. 25, 2009); *Benitez v. Parmer*, 654 F. App'x 502, 504 (2d Cir. 2016) (summary order) (noting that "general objection[s] [are] insufficient to obtain de novo review by [a] district court").[1]

## DISCUSSION

Plaintiff does not dispute that she failed to serve Defendants in timely manner.  (*See, e.g.*, Dkt. 17, at 3.)  Instead, Plaintiff attempts to introduce new arguments not raised before Judge Bloom to convince the Court that Plaintiff should be allowed to proceed with her case, despite requesting an extension to serve nearly three months after the deadline to serve had already lapsed and only after Judge Bloom issued an order, and effecting service nearly seven months after the commencement of this action.  Plaintiff also argues that Judge Bloom's R&R strips Plaintiff of her ability to enforce her federal statutory rights.  Plaintiff's arguments are unavailing.

**I.    Service of Process**

Although Plaintiff had an opportunity to, and in fact did (*see* Dkt. 15), respond to Defendants' motion for reconsideration, Plaintiff now interjects new arguments into her objection to the R&R not previously made to Judge Bloom.  "In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not." *United States v. Gladden*, 394 F. Supp. 3d 465, 480 (S.D.N.Y. 2019).  Accordingly, the Court will not consider

---

[1] Unless indicated otherwise, the Court omits internal quotation marks, brackets, ellipses, and citations throughout this Memorandum and Order.

Plaintiff's argument that Defendants' motion for reconsideration was not timely because Plaintiff could have, but failed to, raise this objection before Judge Bloom. Similarly, the Court will not consider the argument that the Court should use its discretion to extend Plaintiff's deadline to serve. Plaintiff had the chance to raise the factors to be considered for a discretionary extension to Judge Bloom but failed to do so.

Even if the Court were to apply *de novo* review to Plaintiff's argument for discretionary extension, however, the Court would not be convinced.[2] Federal Rule of Civil Procedure 4(m) "authorizes the court to relieve a plaintiff of the consequences of [late service] even if there is no good cause shown." Fed. R. Civ. P. 4(m) advisory committee's note to 1993 amendments. An extension of the time to serve rests in the discretion of the Court. *See AIG Managed Market Neutral Fund v. Askin Capital Mgmt, L.P.*, 197 F.R.D. 104, 109 (S.D.N.Y. 2000). "Factors to be

---

[2] Plaintiff's arguments confuse good cause extension and discretionary extension. To the extent Plaintiff argues that there is good cause for her failure to timely serve process, the Court agrees with Judge Bloom that the circumstances here do not warrant finding good cause. "A party seeking a good cause extension bears a heavy burden of proof." *Purzak v. Long Island Housing Serv's, Inc.*, Nos. 12-CV-1747, 12-CV-4010 (JFB) (WDW), 2013 WL 5202711, at *4 (E.D.N.Y. Sept. 13, 2013) (quoting *Alvarado v. American Freightways, Inc.*, No. 04-cv-9536 (JCF), 2005 WL 1467893, at *5 (S.D.N.Y. June 21, 2005)). "Good cause is generally found only in exceptional circumstances where the plaintiff's failure to serve process in a timely manner was the result of circumstances beyond its control." *Id.* (quoting *Eastern Refractories Co., Inc. v. Forty Eight Insulations, Inc.*, 187 F.R.D. 503, 505 (S.D.N.Y. 1999)). "The diligence of the plaintiff's efforts to effect proper service is an important consideration in a determination of good cause." *Alvarado*, 2005 WL 1467893, at *5. "A delay in service resulting from mere inadvertence, neglect, or mistake does not constitute good cause." *Id.* The Court is not convinced that Mr. Albert's explanations about why timely service was not effected are consistent. (*Compare* Dkt. 10, ¶ 9 (explaining that an administrative employee was not able to "physically access files" to effect timely service due to remote work caused by the COVID-19 pandemic), *with* Dkt. 15, ¶ 3 (explaining that "the administrative employee whose responsibility it was to request and serve the summons and complaint was terminated from the position prior to the expiration of the deadline for timely service, thus causing further difficulty in ascertaining which of this administrative employee's tasks were timely completed").) Notwithstanding Mr. Albert's inconsistent explanations, the Court finds that Plaintiff had an undisputed ability to serve Defendants through the DOE e-mail service portal yet failed to do so.

5

considered in this regard are: (1) whether the applicable statute of limitations would bar the refiled action; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether the defendant had attempted to conceal the defect in service; and (4) whether the defendant would be prejudiced by the granting of plaintiff's request for relief from the provision." *Eastern Refractories*, 187 F.R.D. at 506.

The statute of limitations applicable to Plaintiff's claim "expired on September 4, 2020." (Dkt. 10, ¶ 8.) Dismissal will therefore bar Plaintiff from bringing her claims in another suit.[3] "Although the fact that the statute of limitations has run on a plaintiff's claim is seen as a factor favoring the plaintiff, it does not guarantee an extension for every case that may be time-barred if refiled." *Alvarado*, 2005 WL 1467893, at *6; *see also Nat'l Union Fire Ins. Co. v. Sun*, No. 94-CV-1972 (SJ), 1994 WL 463009, at *7 (S.D.N.Y. May 28, 1994) (dismissing case under Rule 4(m) even though it would be time-barred if refiled). "Rather, even where the statute of limitations has run, courts have declined to extend the time to serve where—as here—a plaintiff has failed to demonstrate diligence, establish good cause, and/or provide any excuse." *Jones*, 2018 WL 6726554, at *7. Moreover, as discussed by Judge Bloom in detail (*see* Dkt. 16, at 3–4, 7–9),[4] and

---

[3] Because the statute of limitations on the Plaintiff's claim has expired, "[d]ismissal is necessarily with prejudice." *Jones v. Westchester Cty*, No. 14-CV-9803 (KMK), 2018 WL 6726554, at *8 (S.D.N.Y. Dec. 21, 2018); *see also Fowler v. City of New York*, 13-CV-2372(KAM)(RML), 2015 WL 9462097, at *6 (E.D.N.Y. Dec. 23, 2015) ("[A]lthough dismissal of claims against the individual defendants formally would be without prejudice, it effectively would result in dismissal with prejudice because any newly filed claims would be time-barred.").

[4] As Judge Bloom explained:

Plaintiff styles the instant action, filed after [*Ventura de Paulino v. N.Y.C. Dep't. of Educ.*, 959 F.3d 519 (2d Cir. 2020)] was decided, as an appeal of the SRO decision, rather than an action to enforce the [Impartial Hearing Officer] order, as *Ferreira III* was. Albert Decl. ¶ 6. However, what plaintiff seeks in each case is the same: a judgment requiring the DOE to pay for N.R.'s education at iBrain for the 2019–2020 school year. This relief was denied to plaintiff by Judge Furman in the Southern District; it was again denied by Judge Block in the Eastern District; and

6

discussed further herein, Plaintiff already has had multiple opportunities to litigate the merits of her case. Here, the Court is not concerned about Plaintiff being deprived of "her day in court" on meritorious claims.

The fact that Defendants may have had actual notice of Plaintiff's claims does not help Plaintiff either. "Neither actual notice nor absence of prejudice to the defendant provides an adequate basis for excusing noncompliance with Rule 4(m), unless plaintiff has diligently attempted to complete service." *Mused v. U.S. Dep't of Agric. Food & Nutrition Serv.*, 169 F.R.D. 28, 34 (W.D.N.Y. 1996); *see also Sartor v. Toussaint*, 70 F. App'x 11, 13 (2d Cir. 2002) (summary order) ("Nor can actual notice of suit cure a failure to comply with the statutory requirements for serving process."). As discussed above, Plaintiff has not shown good cause for her failure to properly serve Defendants in a timely manner.

The remaining two factors do not weigh in Plaintiff's favor. It is clear that Defendants did not attempt to conceal service. With respect to prejudice, "extending the service period beyond the statute of limitations period for the action imposes a corresponding prejudice on defendants." *Vaher v. Town of Orangetown, N.Y.*, 916 F.Supp.2d 404, 421 (S.D.N.Y. 2013); *Cassano v. Altshuler*, 186 F.Supp.3d 318, 323 (S.D.N.Y. 2016). Notably, by the time Judge Bloom directed Plaintiff to file proof of timely service in October 2020, the statute of limitations had already run, without Plaintiff having served Defendants. (*See* 10/23/2020 Docket Order (directing Plaintiff to file proof that Defendants were served by August 18, 2020).) Accordingly, the Court finds that,

---

the Second Circuit has held that the precise issue plaintiff raises herein has been "squarely resolved against [plaintiff]." *See Ferreira II, III*; *Ferreira*, No. 20-911 (2d Cir. 2020). Thus, the instant action represents plaintiff's fourth attempt to present an issue that has been denied by the Court three times. This is unacceptable.

(Dkt. 16, at 9.)

7

even on *de novo* review, Plaintiff's arguments for discretionary extension of her time to serve process would fail.

**II.     Repeated Litigation**

As discussed in detail by Judge Bloom, Plaintiff has brought multiple suits against Defendants "seeking the exact same relief." (Dkt. 16, at 8.) The basis for all these suits—Plaintiff's argument that a parent's unilateral placement of a student must be funded on a pendency basis—was rejected last year by the Second Circuit in *Ventura de Paulino v. New York City Department of Education*, 959 F.3d 519 (2d Cir. 2020).[5] In a subsequent decision, the Second Circuit also summarily denied Plaintiff's appeal in two prior cases, finding that the issues presented were "squarely resolved against [Plaintiff]" in *Ventura de Paulino*. *See Ventura de Paulino*. *Ferreira v. New York City Dep't of Educ*., Nos. 20-908, 20-911, 2020 WL 8838249, at *1 (2d Cir. Nov. 4, 2020). As discussed by Judge Bloom, despite Plaintiff styling this case as an appeal of SRO's decision, "what plaintiff seeks in each case is the same." (Dkt. 16, at 9.)

However, the Court is mindful that "[a] claim for tuition reimbursement pursuant to the stay-put provision is evaluated independently from the evaluation of a claim for tuition

---

[5] The Court notes that Plaintiff's counsel is a member of the Brain Injury Rights Group ("BIRG"), a law firm that has represented parents in numerous cases brought in this Circuit with almost identical factual backgrounds. *See Ventura de Paulino*, 959 F.3d at 529. The circumstances of this and other similar cases present an "unusual set of facts." *Id.* at 528. In other cases also concerning the transfer of students from the International Academy of Hope ("iHope") to iBrain, it "has been alleged that, during the summer of 2018, there was a split between the original founders and some of the [iHope] board over whether [iHope] should admit students with disabilities besides traumatic brain injuries, and that the original founders and some of the administration were ousted from [iHope]." *Id.* at 528–29. An individual named Dononhue "left [iHope] and became the founder and registered agent of [iBrain]," and "also happens to be the founder of [BIRG], the law firm representing the Parents in these . . . cases and the other plaintiffs seeking public funding from the City for [iBrain's] tuition and related services." *Id.* at 529. As the Second Circuit observed, "the cost of attending iBrain [is] significantly higher." *Id.* at 535 n.69.

8

reimbursement pursuant to the inadequacy of an IEP." *Doe v. E. Lyme Bd. of Educ.*, 790 F.3d 440, 453 (2d Cir. 2015). Accordingly, the Court limits Judge Bloom's recommendation regarding warning for sanctions. Plaintiff and the Brain Injury Rights Group are warned that they may be subject to sanctions if any further litigation is filed regarding N.R.'s *pendency placement* at iBrain for the 2018–2020 school years.[6]

## CONCLUSION

For the reasons stated herein, the Court adopts Judge Bloom's well-reasoned R&R, except with a modification to the sanctions warning, and dismisses this case with prejudice for failure to timely effect service. The Court also warns Plaintiff and Plaintiff's counsel that further litigation regarding N.R.'s pendency placement for the 2018–2020 school years at iBrain may result in sanctions.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: January 4, 2022
      Brooklyn, New York

---

[6] Plaintiff's arguments regarding the standards for imposing sanctions are not applicable here. Judge Bloom did not actually impose sanctions in the R&R, and neither does the Court in this Memorandum and Order. Instead, the Court is providing Plaintiff and BIRG with a warning that continued vexatious litigation may lead to sanctions. Additionally, the Court notes that although this action was brought in connection with the 2019–2020 school year, the warning issued in this Memorandum and Order also extends to the 2018–2019 school year.